UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
JAMES K. BREDAR
UNITED STATES MAGISTRATE JUDGE
MDD_JKBChambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950 OFFICE
(410) 962-2985 FAX

June 18, 2010

TO ALL COUNSEL OF RECORD

    Subject:  *Teresa Linger v. Michael J. Astrue, Comm'r of Social Security*
                  Civil Action No.: JKB-09-2260

Dear Counsel:

        On August 27, 2009, the Plaintiff, Teresa Linger, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). (Paper No. 1.) I have considered the parties' cross-motions for summary judgment. (Paper Nos. 10 & 15.) No hearing is necessary. Local Rule 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3). *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I am affirming the agency's decision, and I am writing this letter to explain my rationale.

        Ms. Linger's DIB application was based upon her claim of disability due to fibromyalgia, irritable bowel syndrome, restless leg syndrome, "brain fog," migraine headaches, dizziness, "dailey severe pain," short term memory lapse, "dailey stiffness," cognitive disfunction, and osteoarthritis; it was protectively filed on October 1, 2006, and alleged that she became disabled on September 2, 2005. (Tr. 96.) Her claim was denied initially and upon reconsideration. (Tr. 52-53.) After receiving testimony at an administrative hearing and reviewing the medical evidence, the Administrative Law Judge ("ALJ") found that Plaintiff has severe impairments of fibromyalgia, arthritis, irritable bowel syndrome, restless legs, and depressive disorder, but determined that none of Ms. Linger's impairments satisfied the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 ("LOI"). (Tr. 10-11.) The ALJ further determined that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work but found additional limitations, i.e., "she can frequently handle but not constantly," she needs to work indoors and avoid exposure to temperature extremes, and due to pain and mental disorders, she can perform unskilled and semiskilled work but not skilled work. (Tr. 12.) Consequently, Plaintiff is not able to perform her past relevant work, which was bookkeeping and accounting. (Tr. 15.)[1] However, taking into consideration her age, education, work experience, and RFC, the

---

[1] The evidence showed that Ms. Linger, at the time of the administrative hearing, continued to work approximately two to five hours per week by performing bookkeeping and

ALJ concluded that jobs that Plaintiff can perform exist in significant numbers in the national economy and that, therefore, she is not disabled. (Tr. 15-16.) The Appeals Council denied review. (Tr. 1-4.) Afterward, Ms. Linger filed suit for judicial review.

Plaintiff asks this Court to grant summary judgment in her favor or to remand for further proceedings. (Paper No. 10.) She makes three arguments:

I. The ALJ improperly rejected the treating physician's opinion of Ms. Linger's disability and failed to evaluate her work-related limitations according to applicable regulations;

II. The ALJ's RFC assessment is inconsistent with the regulations and the evidence; and

III. The determination that Plaintiff can perform alternate work omits consideration of her functional limitations set out in the record.

(Paper No. 10 at 25, 29, 35.)

### Issue I: Rejection of Treating Physician's Opinion of Plaintiff's Disability and of Work-Related Limitations

Ms. Linger argues the ALJ improperly discounted the opinion of her treating physician, Dr. Reilly, that her various impairments prevent her from working full time and the functional limitations that he opined were applicable to her. (*Id.* at 25.) Her argument confuses the standards applicable to treating physicians' opinions. Under governing regulations, the Defendant will give controlling weight to the medical opinion of a treating source if the opinion on the nature and severity of a claimant's impairment "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, whether an individual is able to work or what is an individual's residual functional capacity are issues expressly reserved to Defendant. 20 C.F.R. §§ 404.1527(e), 416.927(e). Accordingly, no special significance is to be given to the source of an opinion on such an issue. 20 C.F.R. §§ 404.1527(e)(3), 416.927(e)(3); SSR 96-5p ("treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance"). Even so, "[i]n evaluating the opinions of medical sources on issues reserved to the Commissioner, the adjudicator must apply the applicable factors in 20 CFR 404.1527(d) and 416.927(d)." SSR 96-5p.

Thus, the ALJ is required to evaluate a treating physician's opinion in light of the examining relationship, the treatment relationship (the length of the treatment relationship, the frequency of examination, and the nature and extent of the treatment relationship), supportability of the opinion by reference to relevant evidence (especially medical signs and laboratory

---

accounting duties for three clients; she indicated she was paid $45 per hour for this work. (Tr. 24.)

findings), consistency of the opinion with the record as a whole, specialization of the physician in relation to the opinion, and other factors, brought to the ALJ's attention, that tend either to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d), 416.927(d). In evaluating Dr. Reilly's opinion, the ALJ found it to be inconsistent with objective findings on examinations, Ms. Linger's response to treatment, and her admitted and significant daily activities (Tr. 14), all of which the ALJ discussed at length (Tr. 11-14). Although the ALJ did not accord Dr. Reilly's opinion controlling weight, she did assign it some weight and noted his opinion was reflected in the ALJ's RFC assessment of Ms. Linger's ability to do sedentary work. (*Id.*) The ALJ further noted that she had assigned some weight to the nonexamining, state agency physician's RFC evaluation as well as to Plaintiff's subjective complaints. (Tr. 14.) The ALJ properly dealt with this issue and the record supports her conclusion.

## Issue II: RFC Assessment

Plaintiff also faults the ALJ's decision because she claims the ALJ's RFC assessment was inconsistent with the regulations and the evidence. (Paper No. 10 at 29.) Specifically, she claims that the ALJ failed to include the function-by-function assessment envisioned in SSR 96-8p. (*Id.* at 30.) Further, Ms. Linger argues that the ALJ wrongly ignored or mischaracterized the evidence. (*Id.* at 32.)

With regard to the function-by-function assessment, the ALJ reviewed the objective evidence, Ms. Linger's stated activities of daily living, and her subjective complaints and concluded that Plaintiff:

> can sit for prolonged periods throughout an eight hour day, stand and walk up to two hours a day, and lift and carry weights of up to 10 pounds, and perform tasks that entails [sic] frequent but not constant handling and that can be done indoors and do not expose her to temperature extremes.

(Tr. 13.)[2] That assessment appears to conform to the function-by-function RFC requirement of SSR 96-8p.

---

[2] The ALJ did not address in her opinion a footnote to SSR 96-8p:

> The ability to work 8 hours a day for 5 days a week is not always required when evaluating an individual's ability to do past relevant work at step 4 of the sequential evaluation process. Part-time work that was substantial gainful activity, performed within the past 15 years, and lasted long enough for the person to learn to do it constitutes past relevant work, and an individual who retains the RFC to perform such work must be found not disabled.

The second part of Plaintiff's argument on this issue appears to ask this Court to reweigh the evidence. The Court's duty is to determine if substantial evidence supports the ALJ's conclusions, not to sit *de novo* as the adjudicator. Credibility choices are within Defendant's province as the finder of fact. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). The ALJ partially discounted Plaintiff's testimony because the ALJ considered it to be exaggerated in light of the other evidence before her. (Tr. 13.) The ALJ's credibility choice on Plaintiff's subjective complaints of pain is supported by substantial evidence in the record. In particular, the ALJ noted that Ms. Linger had not required any inpatient hospitalizations or surgical treatment, she had admitted that her headaches and pain responded to medications, and she often denied complaints of pain to Dr. Reilly. (Tr. 13.) Further, even though Plaintiff had some active "trigger points" for pain, "she had no strength deficits in her upper or lower extremities, she had no muscle atrophy, her sensation and reflexes were intact, her coordination was intact, her gait was steady, and Romberg's and pronto [sic[3]] drift are negative." (Tr. 13.) Dr. Reilly's records are consistent with the ALJ's conclusions. Additionally, the ALJ indicated that her credibility choice was influenced by Ms. Linger's activities of daily living, which showed that she could take care of her personal needs, she did some cooking, cleaning, laundry, gardening, crocheting, and sewing, she drove and did some grocery shopping, and she walked for exercise; Plaintiff also indicated that she had provided babysitting for her infant grandson until he was almost two years old. In the ALJ's opinion, those activities, as well as her part-time work as a self-employed bookkeeper, were inconsistent with severe pain precluding all work activity. (*Id.*) The Court discerns no reversible error on the second issue raised by Plaintiff.

### Issue III: Determination That Plaintiff Can Perform Alternate Work Omits Consideration of Functional Limitations in the Record

Plaintiff gives short shrift to this argument, which seems to be an additional attempt to get this Court to reweigh the evidence. Ms. Linger suggests that the Court should ignore the ALJ's RFC assessment and employ the functional limitations she presses instead as the true measure of her capabilities. (Paper No. 10 at 35-36.) Thus, she contends that the Vocational Expert's testimony about her inability to work based upon *her* hypothetical functional limitations should be regarded as evidence of her disability. (*Id.* at 36.) The Court declines to step outside of its role of reviewing Defendant's decision to determine if it is supported by substantial evidence. Plaintiff's argument has no merit.

---

SSR 96-8p n.2. Although the ALJ did not rely on it, the point made in this footnote appears to offer alternative support for the Defendant's conclusion that Ms. Linger was not disabled.

[3] The term used in Dr. Reilly's records was "pronator." (Tr. 243.)

## Conclusion

For the foregoing reasons, the Court will enter a separate order AFFIRMING the agency's decision, DENYING Plaintiff's Motion for Summary Judgment, and GRANTING Defendant's Motion for Summary Judgment.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed accordingly.

Very truly yours,

/s/

James K. Bredar
United States Magistrate Judge

JKB/jh